IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK S. DANIELS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-1414-L |
| RENO AIR RACING ASSOCIATION, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER OF TRANSFER**

This is a *pro se* civil action brought by Mark S. Daniels, a resident of Seagoville, Texas, against multiple defendants associated with the Reno Air Racing Association ("RARA"), none of whom reside or transact business in the Northern District of Texas. In his complaint filed on August 16, 2007, plaintiff accuses defendants of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, and other federal laws by threatening one of his customers, Ron Buccarelli, a Florida resident, "that if he did not end his association with me and shut down a website I was building for him . . . that he would be 'disinvested' or banished from the National Championship Air Races." (Plf. Compl. at 1). As a result of these threats, Buccarelli has instructed plaintiff to take down his website, which has resulted in unspecified economic damages and other losses.

Venue in a RICO action is governed by 18 U.S.C. § 1965, which provides, in pertinent part:

> Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. § 1965(a). Section 1965 has been interpreted to establish that "if one defendant before the court has the required minimum contacts with the forum state, then, other parties are subject to nationwide service of process." *Transfirst Holdings, Inc. v. Phillips*, No. 3-06-CV-2303-P, 2007 WL 631276 at *14 (N.D. Tex. Mar. 1, 2007), *quoting Hawkins v. Upjohn Co.*, 890 F.Supp. 601, 606 (E.D. Tex. 1994). Thus, the statute allows a plaintiff to bring RICO claims against multiple defendants in one forum where, in the absence of the statute, venue or jurisdiction in that forum might not otherwise be proper. *Id.* (citing cases). As in any other type of federal litigation, the plaintiff bears the burden of establishing venue under the RICO statute. *See Flag Co. v. Maynard*, 376 F.Supp.2d 849, 856 (N.D. Ill. 2005) (citing cases).

When asked if any of the individual defendants reside in the Northern District of Texas or if any of the corporate defendants have officers or agents that conduct business in this district, plaintiff respond in the negative. Rather, it appears that all of the defendants are located either in Nevada, California, Oregon, Florida, or North Carolina. (*See* Mag. J. Interrog. #1 & 2). Nevertheless, plaintiff maintains that venue is proper in this district because "defendants are located in five states outside of Texas making it near impossible to file in each and every state." (Mag. J. Interrog. #4). The logistical problem identified by plaintiff is addressed by the RICO statute. However, in order to establish venue in a judicial district, at least one defendant must reside, be found, have an agent, or transact his affairs in that district. *See* 18 U.S.C. § 1965(a). Here, none of the defendants have the requisite connection to the Northern District of Texas.

Nor is venue proper in this district under 28 U.S.C. § 1391. That statute provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

> occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*See* 28 U.S.C. § 1391(a) & (b). The court previously noted that no defendant resides in the Northern District of Texas. Most, if not all, of the events giving rise to plaintiff's claims occurred in Nevada and involve property located in Nevada. The fact that plaintiff resides in the Northern District Texas and wants to litigate his claims here does not establish venue in this district. *See Huffington v. Continental Airlines, Inc.*, No. 3-97-CV-2063-L, 1998 WL 874937 at *4 (N.D Tex. Dec. 4, 1998).

A district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). Accordingly, this case is hereby transferred to the United States District Court for the District of Nevada.

SO ORDERED.

DATED: September 11, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE